**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC, | ) ) ) CASE NO. 25-cv-01294-RBD-DCI |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE NATIONAL BOARD OF BOILER AND PRESSURE VESSEL INSPECTORS, | ) ) ) ) |
| Defendant. | ) ) ) ) |

**PLAINTIFF CENTRALSQUARE TECHNOLOGIES, LLC'S SECOND SHORT  FORM DISCOVERY MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH REQUESTS FOR PRODUCTION**

NBBI has refused CentralSquare's requests for production of JRS source code despite CentralSquare's repeated attempts to satisfy NBBI's shifting conditions. NBBI justifies its refusal to produce JRS source code under the pretense that CentralSquare had not disclosed its trade secrets with sufficient particularity. Yet CentralSquare has identified dozens of particularly defined trade secrets, which relate to functions or features of CentralSquare's Jurisdiction Online Product. *See* Ex. A, First Supplemental Response to NBBI's First Set of Interrogatories, Interrogatory No. 1, dated February, 2, 2026. CentralSquare further served a Second Supplemental Response to

1

Interrogatory Nos. 1-2 on April 7, 2026, which provided specific allegations regarding the misappropriation of CentralSquare's trade secrets. *See* Ex. B.

The identified trade secrets are not just broad descriptions of functionality; they identify exact lines of source code NBBI misappropriated to create its competing software. *Id.* These responses made portions of CentralSquare's source code available for inspection so that NBBI's counsel could confirm the accuracy of the source-code based trade secrets identified in its First Supplemental Response. *Id.* NBBI still refuses to produce JRS source code and other documents and communications related to CentralSquare's allegations of misappropriation.

NBBI's refusal to produce documents, despite CentralSquare's identification of its trade secrets down to exact lines of source code, is an unreasonable take on the particularity standard. The standard requires a claimant to identify the alleged trade secrets with sufficient particularity to permit meaningful and proportional discovery by a reasonable person. CentralSquare has gone as far as it possibly can in identifying the asserted trade secrets to NBBI; one cannot get more precise than citing the exact code that was misappropriated. Yet, NBBI continues to claim ignorance.

Plaintiff's disclosure and description of its trade secrets is more than enough to allow discovery into, for example, the JRS source code, NBBI's related communications, and its interactions with CentralSquare's former

employees. Accordingly, CentralSquare now moves to compel production of these core technical and financial documents:

- **Core Technical and Development Documents – RFP Nos. 1, 2, and 4:** NBBI has failed to produce documents responsive to the following requests:

  - All non-privileged documents relating to the development, implementation, or sale of the JRS Product, including design documents, source code, architecture diagrams, business plans, and marketing materials (Request No. 1);

  - All communications between NBBI and any departed CentralSquare employees relating to the JO Product, JO trade secrets, or the development of the JRS Product (Request No. 2);

  - All versions, updates, or modifications to the JRS Product, including source code, release notes, and documentation describing the changes (Request No. 4); and

  - A privilege log identifying any documents responsive to RFP Nos. 1, 2, and 4 that are being withheld based on attorney-client privilege or work-product protection, compliant with FRCP 26(b)(5).

- **Financial Documents – RFP No. 16**: NBBI has failed to produce documents responsive to Request No. 16 – all non-privileged

3

documents relating to the pricing strategy for the JRS Product.

## CERTIFICATE OF CONFERRAL

I hereby certify that, on April 22, 2026, at 1:30 p.m. EST, counsel for CentralSquare Technologies, including Hani Salameh, met and conferred by telephone with counsel for NBBI, including Aaron Bradford, regarding the issue presented in this motion. NBBI opposes the relief requested with respect to Request for Production Nos. 1, 2, and 4 and maintains that the asserted trade secrets have not yet been disclosed with sufficient particularity.

## CERTIFICATE OF STANDING ORDER COMPLIANCE

This Short-Form Discovery Motion complies with the Court's Standing Order on Discovery Motions [Dkt. 4], which limits the motion to 500 words.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue (FL Bar No. 947032)
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Phone: (571) 203-2700

*Attorney for Plaintiff*
*CENTRALSQUARE*
*TECHNOLOGIES, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that that on May 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Lionel M. Lavenue*
Lionel M. Lavenue