UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CENTRALSQUARE TECHNOLOGIES, LLC,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1294-RBD-DCI**

**THE NATIONAL BOARD OF BOILER AND PRESSURE VESSEL INSPECTORS,**

**Defendant.**

---

# ORDER

This case comes before the Court for consideration without oral argument on the Motion for Leave to Take Additional Depositions filed by Plaintiff CentralSquare Technologies, LLC (CentralSquare) on June 1, 2026. Doc. 74 (the Motion). Defendant The National Board of Boiler and Pressure Vessel Inspectors (NBBI) filed its opposition to the Motion on June 8, 2026. Doc. 82. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

CentralSquare filed its initial complaint on July 11, 2025 (Doc. 1), and the Second Amended Complaint filed on October 15, 2025 serves as the operative complaint (Doc. 30). CentralSquare alleges NBBI violated the Defend Trade Secrets Act, misappropriated CentralSquare's trade secrets under the Florida Uniform Trade Secrets Act, engaged in unfair business practices under the Florida Deceptive and Unfair Trade Practices Act, tortiously interfered with CentralSquare's business relations, and aided and abetted a breach of a fiduciary duty. *See* Doc. 30.

The initial Case Management and Scheduling Order (CMSO) entered by the Court on November 25, 2025 limits each side to "no more than **ten (10) depositions**." Doc. 50 at 5 (emphasis in the original). The Court later entered an Amended CMSO extending the discovery deadline to October 16, 2026, but otherwise keeping the 10-deposition limit in place. Doc. 88.

CentralSquare now moves for leave to take seven additional fact depositions, claiming the additional depositions "are (1) necessary considering the number of people seemingly involved in the misappropriation and (2) proportional to the needs of the case considering the complexity of the issues and amount in controversy." Doc. 74 at 1-2.

In an email attached as Exhibit A to the Motion, CentralSquare's counsel states to NBBI's counsel that "[CentralSquare] served 30(b)(1) notices for six NBBI employees. [CentralSquare] also intend[s] to serve 30(b)(1) notices for NBBI's two 30(b)(6) designees, and to issue third-party subpoenas this week on Due Nguyen and Lonnie Standridge." Doc. 74-1 at 2. That would bring CentralSquare to the 10-deposition limit prescribed by Federal Rule of Civil Procedure 30(a)(2)(A) and the CMSO. Despite the 10-deposition limit, CentralSquare lists seven additional individuals it now seeks to depose[1] (*Id.*), arguing that, "This complex case requires an inquiry into who had access to the trade secrets, when and how access was obtained, what was taken or copied, and how the information was used or disclosed." Doc. 74 at 2.

## II. STANDARD

A party is presumptively limited to 10 depositions but can exceed this limit with the consent of the opposing party or with leave of court. Fed. R. Civ. P. 30(a)(2)(A). A court may grant

[1] From the same email: "[CentralSquare] intend[s] to seek depositions of the following NBBI employees: Vidhatri Chaturvedi, Valeria Oshiro, Connor Hess, Andy Phung, Andrew Baker, Ryan Means, and Marc Marti."

additional depositions beyond the 10-deposition limit only to the extent that doing so is consistent with Federal Rule of Civil Procedure 26(b). *Id.* Under Rule 26(b)(1), a party

> [M]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the important of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

A court, however, must limit discovery pursuant to Rule 26(b)(2) if it determines:

> i. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

A party moving for leave to take additional depositions must generally have exhausted the 10 depositions allowed under Rule 30 and justified the need for the depositions already taken. *See U.S. v. Advocate Law Groups of Florida, P.A.*, No. 6:18-cv-1836-JA-GJK, 2021 WL 12307245, at *2 (Oct. 19, 2021) (denying a motion for leave to take additional depositions when the moving party had only taken three depositions when the motion was filed); *and Jones-Walton v. Villas at Lake Eve Condo Ass'n, Inc.*, No. 6:15-cv-995-00995-ACC-T_S, 2016 WL 6071736, at *2 (M.D. Fla. Oct. 17, 2016) (denying a motion for leave to take additional depositions when the moving party had not taken any depositions when the motion was filed). The moving party must also "make a particularized showing why the additional depositions are necessary." *Orange Lake Country Club, Inc. v. Reed Hein & Assocs.*, No. 6:17-cv-01542, 2018 WL 11346833, at *2; *see also Advocate Law Groups of Florida, P.A.*, 2021 WL 12307245, at *1 (citing *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-JES-SPC, 2011 WL 2413630, at *1 (M.D. Fla.

June 13, 2011) (requiring that the moving party justify the additional depositions with particularity)).

**III. ANALYSIS**

Based on the record before the Court, CentralSquare has not taken any depositions in this case; at best, CentralSquare has served six notices of deposition. Doc. 74-1 at 2. Thus, CentralSquare has failed to exhaust its allotted 10 depositions before seeking leave to take additional depositions, and that failure alone justifies denying the Motion. *See Jones-Walton*, 2016 WL 6071736, at *2; *Cutugno v. Second Chance Jai Alai, LLC*, No. 5:11-cv-00113-MMH-PRL, 2012 U.S. Dist. LEXIS 144557, at *3 (M.D. Fla. Oct. 5, 2012) ("At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of the additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.").

Even without having taken a single deposition, CentralSquare seeks to expand the 10-depostion limit. CentralSquare asserts that "none of the depositions sought are cumulative or duplicative of other discovery," and that the "additional depositions are necessary because NBBI has failed to provide meaningful discovery." Doc. 74 at 2. CentralSquare also claims it "has no way to obtain discovery before the deadline besides deposing these witnesses." *Id.* at 2-3. While CentralSquare suggests that more than 10 proposed deponents may possess relevant information necessary to litigate its case, CentralSquare fails to make a *particularized showing* as to why those additional depositions are necessary.

CentralSquare asserts that "NBBI's Rule 26 Disclosures identify nine individuals likely to have relevant information. In public statements, NBBI identified three more. CentralSquare has

identified five additional witnesses who likely possess unique knowledge relevant to the case, including the design and commercialization of JRS and the hiring of CentralSquare's former employees." Doc. 74 at 2. Exhibit A identifies several NBBI employees by name (Doc. 74-1 at 2), but beyond alleging that these employees might have relevant information, CentralSquare offers no evidence showing why these proposed depositions are "central to [its] claims . . . ." Doc. 74 at 3. Courts have denied motions for leave to take additional depositions when the basis for such motions is mere "speculation and conjecture, even if it is reasonably informed and asserted in good faith . . . ." *Mazur v. Lampert*, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007); *see also Arnold v. McFall*, 2011 WL 13382555, at *2 (S.D. Fla. Aug. 11, 2011) (denying a motion for leave to take additional depositions "based only on speculation and conjecture").

Separately, CentralSquare briefly argues that the 10-deposition limit excludes experts.[2] While the case cite provided supports CentralSquare's position, no authority (whether in the Federal Rules of Civil Procedure, the Middle District of Florida's *Civil Discovery Handbook*, or the CMSO governing this case) "explicitly addresses the deposition limitation as it relates to expert witnesses, and 'the Eleventh Circuit has not yet decided the question of whether the deposition of

---

[2] CentralSquare's entire argument on this issue consists of a lone footnote:

> CentralSquare believes the 10-deposition limit excludes experts, which at least one court in this District has observed is a "fair reading of the Rules." *Safeco Ins. Co. of Am. V. City of Jacksonville, Fla.*, No. 3:08-CV-338-J-25JRK, 2011 WL 13176635, at *3 (M.D. Fla. Apr. 20, 2011) (suggesting, without deciding, that experts are exempt from Rule 30's 10-deposition limit). Moreover, Rule 26 permits a "party [to] depose any person who has been identified as an expert whose opinions may be presented at trial." But to the extent this Court believes that, as a general proposition, experts should be subject to the default limit, CentralSquare requests that they be excluded from the limit for this case for the same reasons explained below and because NBBI has indicated that it will rely on at least three experts.

Doc. 74 at 1, n.1.

an expert witness should be counted against Rule 30's presumptive ten deposition limit.'" *Connectus LLC v. Ampush Media, Inc.*, No. 8:15-cv-02778-VMC-J_S, 2016 WL 9488682, at *1 (M.D. Fla. Oct. 27, 2016) (quoting *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 1:10-cv-21511-FAM, 2010 WL 3003914, at *1 (S.D. Fla. July 29, 2010)). The Court does not consider this issue ripe for resolution, as CentralSquare has yet to take any depositions. This argument on expert witnesses, cabined in a footnote and never addressed again, appears to have been made "in passing" without any analysis, and the Court will therefore treat it as waived. *U.S. v. Fla. Medical Associates, LLC*, 2026 WL 2581886, at *6 n.8 (11th Cir. 2026) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (explaining that a party fails to adequately press an issue when it simply makes passing references to a matter in a brief without supporting arguments and authorities)).

Given that CentralSquare has yet to satisfy its obligation of exhausting its 10-deposition limit before moving for leave to take additional depositions and further given that CentralSquare has failed to meet its burden of making a particularized showing as to why additional depositions are necessary, the Court finds it appropriate to deny the Motion without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Motion (Doc. 74) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on September 4, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE